**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **SHERRI LYNN ALLEN,** | ) | **CASE NO. 5:11CV1095** |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MAGISTRATE JUDGE GREG WHITE** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | **ORDER** |

Plaintiff Sherri Lynn Allen ("Allen"), through counsel Paula Goodwin ("Goodwin"), filed a motion for payment of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. No. 23.) The Commissioner of Social Security ("Commissioner") filed a response to Allen's motion on July 23, 2012. (Doc. No. 25.) The parties consented to this Court's jurisdiction for entry of final judgment pursuant to 28 U.S.C. § 636(c)(1). (Doc. No. 16.) For the following reasons, Allen's motion for attorney fees is granted in part and denied in part.

**A. Procedural History**

On April 4, 2012, this Court vacated the final decision of the Commissioner and remanded for further proceedings. (Doc. Nos. 21 & 22.) Allen subsequently filed a motion for attorney fees under the EAJA requesting $4,816.50 at the rate of $169.00 covering 28.5 hours.[1] (Doc. No. 23.)

**B. Prevailing Parties and Substantial Justification**

The EAJA "'departs from the general rule that each party to a lawsuit pays his or her own legal fees' and requires the payment of fees and expenses to the prevailing party in an action

---

[1]As the Commissioner points out, Goodwin's affidavit actually totals 26.5 hours and Goodwin does not explain the additional two hours. Moreover, she did not file a reply to explain the discrepancy. The Court, therefore, will base its decision on 26.5 hours.

against the United States, unless the position of the United States was substantially justified," or special circumstances would make an award unjust.  *Howard v. Barnhart*, 376 F.3d 551, 553 (6th Cir. 2004) (*quoting Scarborough v. Principi*, 504 U.S. 401 (2004)); *see also* 28 U.S.C. § 2412(d)(1)(A).  The party seeking attorney's fees bears the burden of proving that she is an eligible and prevailing party, while the Commissioner must prove that the government's position was "substantially justified."  There is no dispute that Allen is an eligible and prevailing party; however, the parties do dispute whether the Commissioner's litigation position was substantially justified.

### C.  Litigation Position

The Commissioner asserts that his position was substantially justified because the government had a reasonable basis for believing the ALJ considered the proper credibility factors and the evidence as a whole to assess opposing physician opinions.  (Doc. No. 25 at 5-7.)  The Commissioner asserts that remand was based merely upon articulation error.  *Id*. at 7.

The United States Supreme Court has defined the term "substantially justified":

> We have held that the term "substantially justified" means " 'justified in substance or in the main'-that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue. To be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness."

*Comm'r, I.N.S. v. Jean*, 496 U.S. at 158 n. 6 (*quoting Pierce v. Underwood*, 487 U.S. 552, 565-566, 108 S.Ct. 2541, 2550-2551, 101 L.Ed.2d 490 (1988)).  The Sixth Circuit has explained that "[t]he Supreme Court has equated this standard with a reasonable basis both in law and fact, and the position of the government will be deemed to be substantially justified if there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action."  *Noble v. Barnhart*, 230 Fed. App'x 517, 519 (6th Cir. 2007) (*citing Pierce*, 487 U.S. at 565); *Anderson v. Comm'r of Soc. Sec.*, 198 F.3d 244 (6th Cir. 1999) (unpublished).  The reversal of the Commissioner's decision, even on the basis of a lack of substantial evidence, fails to "raise the presumption that the Government's position was not substantially justified" for purposes of the EAJA.  *Noble* at 519; *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989).

The Sixth Circuit has ordered awards of attorney fees under the EAJA where the government's litigating position was inconsistent with established precedent. *See, e.g., Caremore, Inc. v. NLRB*, 129 F.3d 365, 371 (6th Cir. 1997). However, "attorney fees are not to be awarded just because the government lost the case." *Jankovich*, 868 F.2d at 869-70; *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987). A careful distinction must be drawn between a lack of substantial evidence, which results in remand to the agency, and a lack of substantial justification, which results in an award of attorney's fees to the prevailing party in such an action. *See Jankovich*, 868 F.2d at 870. The Sixth Circuit Court of Appeals elaborated on this distinction:

> The government's position "can be justified even though it is not correct ..., and it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct." [*Pierce v. Underwood*, 487 U.S.] at 566 n. 2, 108 S.Ct. 2541. As this court has noted, "[t]he fact that we f[ind] that the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified. Indeed, Congress did not want the 'substantially justified' standard to be read to raise a presumption that the Government position was not substantially justified simply because it lost the case...." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (internal citations and quotation marks omitted).

*Noble*, 230 Fed. Appx. at 519.

"The issue, when considering the award of attorney's fees to a prevailing party under the EAJA, is not whether the ALJ gave adequate articulation for his findings, but whether the Commissioner was justified in supporting the ALJ's decision to deny benefits based on the record." *Anderson v. Comm'r of Soc. Sec.*, 1999 WL 1045072 at *4 (6th Cir. 1999); *see also Olive v. Comm'r of Soc. Sec.*, 534 F.Supp.2d 756, 760–61 (N.D. Ohio 2008) ("[a]lthough there were circumstances that led to remand, that does not mean that the government was not justified in defending the ALJ's decision to deny benefits based on the available evidence"). Moreover, the position of the Commissioner is not substantially justified if the error committed by the ALJ consists of a violation of the Commissioner's regulations. *Simpson v. Astrue*, No. 3:09–CV–143, 2010 WL 5088125, at *2 (S.D. Ohio Nov. 17, 2010) (failure to following regulations on the "treating physician rule"); *Falconi v. Comm'r of Soc. Sec.*, No. 1:08–CV–622, 2010 WL 1882270, at *2 (S.D. Ohio Apr.1 3, 2010) (failure to follow regulations requiring good reasons in

assigning weight to the opinions of treating sources). Remands based on articulation errors usually do not result in EAJA awards, whereas remands because of the failing of the record to support the disability decision do. *Carter v. Astrue*, 2011 WL 722774, at *2 (N.D. Ohio Feb. 23, 2011); *Sommers v. Comm'r of Soc. Sec.*, 2011 WL 5361074 (N.D. Ohio Sep. 16, 2011).

Here, the Court remanded the case because the ALJ's decision lacked analysis regarding Allen's fibromyalgia diagnosis as well as a sufficient credibility analysis. (Doc. No. 21 at 12-13;15.) The Court finds that the ALJ's lack of analysis was more than an articulation error. The agency's administrative and litigation positions were not substantially justified, and therefore, Allen is entitled to attorney fees under the EAJA.

### D. Amount of Fees Requested

Under the EAJA, the amount of attorney fees awarded shall be based upon the prevailing market rates for the kind and quality of services furnished, except that ". . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Court must review Allen's application for attorney's fees to determine whether the requested fees are reasonable. *See* 28 U.S.C. § 2412(d)(1)(A), (B); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Courts are obligated to prune unnecessary hours from fee petitions because, "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

The Commissioner argues that Allen has failed to set forth sufficient evidence justifying a departure from the statutory cap of $125 per hour, as Goodwin submitted nothing more than a reference to the Consumer Price Index ("CPI"). (Doc. No. 25 at 9-11.) The Commissioner does not object to the number of hours expended. *Id*. The Court does not construe the Commissioner's brief as advocating for a hard cap at the rate of $125 per hour. In fact, the Court is aware of previous instances where the Commissioner advocated for EAJA fees at a rate well over $125 per hour. *See, e.g., Kane v. Comm'r of Soc. Sec.*, 1:10-cv-01874 ("The Commissioner

4

believes that the award should be reduced to reflect the CPI-adjusted statutory rate of $169.46 per hour for work performed in 2010, and $174 per hour for work performed in the first half of 2011.") The Commissioner's position appears inconsistent.

Now a new argument based on the Sixth Circuit's decision in *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443 (6th Cir. 2009) is being advanced. Though it is curious that the Commissioner has waited until now to advocate this position, the Sixth Circuit's decision remains binding on this Court. In *Bryant*, the Sixth Circuit found that the district court did not abuse its discretion in limiting fees to the EAJA's $125 statutory cap, explaining as follows:

> In requesting an increase in the hourly-fee rate, ***Plaintiffs bear the burden of producing appropriate evidence to support the requested increase***. *See Blum v. Stenson*, 465 U.S. 886, 898, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984) (considering attorney fees under § 1988, the Court stated, "[t]he burden of proving that such an adjustment is necessary to the determination of a reasonable fee is on the fee applicant"). Plaintiffs must "produce satisfactory evidence--in addition to the attorney's own affidavits--that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id*. at 895 n.11.
>
> \*\*\*
>
> Here, Plaintiffs failed to meet their burden of proof, and the district court, in each case, appropriately noted the lack of proffered evidence. In fact, in both cases, ***Plaintiffs submitted only the Department of Labor's Consumer Price Index***, arguing that the rate of inflation supported an increase in fees. ***This is not enough***, and the district court did not abuse its discretion in denying Plaintiffs' requests.

*Bryant*, 578 F.3d at 450 (emphasis added); *accord Sutton v. Astrue*, 2012 U.S. Dist. LEXIS 63578 (S.D. Ohio May 7, 2012) (finding that a plaintiff's counsel seeking a higher hourly rate [than $125] bears the burden of producing appropriate evidence to support the requested increase); *Willis v. Astrue*, 2012 U.S. Dist. LEXIS 18393 (S.D. Ohio Feb. 14, 2012) (finding counsel's inclusion of the Department of Labor's Consumer Price index is legally insufficient evidence to justify a higher hourly); *Zellner v. Astrue*, 2012 U.S. Dist. LEXIS 11560 at \*\*5-6 (S.D. Ohio, Jan. 30, 2012) ("Attaching to the original motion just the affidavit of his attorney, James Roy Williams, Esq., in which Mr. Williams details his professional experience, accompanied by the Department of Labor's Consumer Price Index falls short of what *Bryant* demands."); *Bushor v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 86805 (S.D. Ohio 2011)

5

(denying attorney fees in excess of $125 per hour where plaintiff only submitted the Consumer Price Index as justification for a higher fee); *cf. Grady v. Astrue*, 2012 U.S. Dist. LEXIS 18423 (S.D. Ohio Feb. 14, 2012) (finding the affidavit of plaintiff's attorney setting forth his normal hourly rate and discussing fees customarily charged in the locality was sufficient to satisfy an upward departure from the $125 cap). Recently, a decision of the Northern District of Ohio also denied an increased hourly request where it was based solely on references to the CPI. *See Williams v. Comm'r of Soc. Sec.*, 3:10-cv-02354 (N.D. Ohio, May 25, 2012) (Doc. No. 25.)

As the Commissioner does not dispute the number of hours expended by attorney Goodwin, the Court finds the amount of time to be reasonable. The question remains whether an upwards departure from the $125 statutory cap should be permitted. In support of her request for a rate of $169.00 per hour, Goodwin references cost-of-living data available on the Bureau of Labor Statistics' website relying on the CPI for Midwestern Urban consumers. (Doc. No. 23 at 6.) Goodwin also attaches her affidavit acknowledging that in recent years she has spent more than half of her time representing Social Security Disability claimants and that she has been awarded fees at a rate generally above $200 per hour. (Doc. No. 23 at 8-9.) Allen, however, did not respond to the Commissioner's argument based upon the Sixth Circuit's *Bryant* decision. As such, Allen's request for EAJA fees is granted, but only at a rate of $125 per hour, resulting in an EAJA award of $3,312.50 for 26.5 hours of legal work.

### E. Payment

In the instant matter, Goodwin requests the fee award be made payable to her as Allen's counsel. (Doc. No. 23 at 7.) Any fees paid, however, belong to Allen – not her attorney – and can be offset to satisfy preexisting debt that Allen may owe the United States in accordance with *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010). If, after entry of this award, Defendant's counsel can verify that Allen does not owe pre-existing debt subject to offset, Defendant shall direct that the award be made payable to Allen's attorney, if there is an EAJA assignment.

### F. Conclusion

Allen's application for attorney fees under the EAJA is granted in part and denied in part. (Doc. No. 24.) Allen is awarded $3,312.50 for 26.5 hours of legal work.

The Court will entertain reconsideration of its decision concerning the propriety of an upward departure from the statutory cap if Allen, within fourteen days of this decision, (1) files a motion requesting such reconsideration, and, (2) submits evidentiary support for her position in compliance with the *Bryant* decision. In such an event, the Commissioner will have seven days to file a reply. As this Court has stated previously, it would seem that counsel should be able to agree to an hourly rate and a means to justify the amount without incurring additional expense and consuming judicial resources.

IT IS SO ORDERED.

s/ Greg White<br>United States Magistrate Judge

Dated: August 22, 2012